IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
KISHA HAWKINS,                         )
on behalf of her minor child, D.C.,    )
3062 Stanton Road, S.E., #103          )
Washington, DC  20020,                 )
                         Plaintiff,    )
                                       )
v.                                     )
                                       )
DISTRICT OF COLUMBIA                   )
One Judiciary Square                   )
441 Fourth Street, NW                  )
Washington, DC  20001,                 )
                         Defendant.    )
_____)

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Kisha Hawkins, on behalf of her minor child D.C. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") to fund certain evaluations of D.C. and to convene a meeting following those evaluations to complete certain objectives.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

1

3.  The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Enforcement and Investigation Division. The Hearing Officer denied all of the Plaintiff's claims and dismissed her case.

## PARTIES

4.  Kisha Hawkins is the adult parent of D.C., a 15-year-old boy. Ms. Hawkins and D.C. reside together in Washington, DC.

5.  The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for providing special education and related services.

## FACTS

6.  A Hearing Officer's Determination ("HOD") issued on September 22, 2005 by the DCPS State Enforcement and Investigation Division ordered DCPS, *inter alia* to convene a student evaluation plan ("SEP") meeting regarding D.C. within 15 school days of that order.

7.  DCPS never convened the meeting ordered in the September 2005 HOD.

8.  An HOD issued on December 27, 2005 by the DCPS State Enforcement and Investigation Division ordered DCPS to convene a Multidisciplinary Team ("MDT") meeting on or before January 25, 2006 in order to develop an SEP.

9.  DCPS never convened the meeting ordered in the December 2005 HOD.

10. A Hearing Officer's Determination ("HOD") issued on July 6, 2006 by the DCPS State Enforcement and Investigation Division ordered DCPS to convene an MDT meeting on or before August 4, 2006 in order to develop an SEP.

11. The July 2006 HOD ordered DCPS to "coordinate scheduling the [MDT] meeting through Petitioner's counsel."

12.    The July 2006 HOD further ordered that "DCPS shall document with affidavits and proofs of service for [sic] any delays caused by Petitioner or Petitioner's representatives."

13.    DCPS did not convene the meeting ordered in the July 2006 on or before August 4, 2006.

14.    DCPS did not invite the Plaintiff or her representatives to a meeting to comply with the July 2006 HOD on or before August 4, 2006.

15.    On or about August 11, 2006, the Plaintiff sent to the DCPS Office of Mediation and Compliance and to the DCPS Office of Special Education a letter notifying DCPS of its failure to comply with the July 2006 HOD.

16.    DCPS has never responded to the Plaintiff's August 11, 2006 letter regarding DCPS' noncompliance with the July 2006 HOD.

17.    On August 29, 2006, the Plaintiff filed an IDEA due process complaint with DCPS.

18.    The due process complaint alleged, *inter alia*, that DCPS had failed "to comply with a July 6, 2006 Hearing Officer's Determination."

19.    The due process complaint alleged, *inter alia*, that "[a] July 6, 2006 HOD ordered DCPS to convene [an MDT meeting]...on or before August 4, 2006, and that "DCPS did not contact counsel for the Petitioner to schedule an MDT meeting...on or before August 4, 2006."

20.    DCPS did not file a notice of insufficiency regarding the Plaintiff's due process complaint.

21.    On or about September 24, 2006, DCPS sent to the Plaintiff a "Response to Due Process Complaint Notice" "pursuant to...20 U.S.C. § 1415(c)2)(B)(i)(I)" ("Response").

22.    In the Response, DCPS stated, *inter alia,* "**DCPS' rationale for proposing/refusing to take action identified in complaint:** DCPS has attempted to comply with HOD in scheduling an

3

MDT meeting. DCPS continues its efforts in scheduling the meeting. DCPS reserves the option to supplement this response as additional information becomes available."

23.  In the Response, DCPS offered no "rationale for proposing/refusing to take action identified in complaint" other than the statement quoted above.

24.  DCPS convened a "resolution meeting" regarding the Plaintiff's due process complaint on September 11, 2006.

25.  At the resolution meeting, DCPS did offer any defense to the claims and allegations in the Plaintiff's due process complaint, and did not suggest that the Plaintiff was in any way responsible for DCPS' failure to convene an MDT meeting to develop an SEP.

26.  On or about September 27, 2006, DCPS scheduled an administrative hearing of the Plaintiff's due process complaint for October 30, 2006.

27.  On October 23, 2006, DCPS served on the Plaintiff a "Disclosure Statement & Motion to Compel...pursuant to 34 C.F.R. 300.509(a)(3)" ("DCPS Disclosure").

28.  The DCPS Disclosure contained one attached document, a "Due Process Complaint Disposition" form and accompanying notes.

29.  Other than the "Due Process Complaint Disposition" form and accompanying notes referred to above, DCPS did not provide to the Plaintiff, prior to the October 30, 2006 hearing, any document for purposes of notifying the Plaintiff that DCPS intended to use such a document at the October 30, 2006 hearing.

30.  Prior to the October 30, 2006 hearing, DCPS identified only three potential witnesses for DCPS at the October 30, 2006: the Plaintiff, "Z. Johnson," and "S. Kauffman."

31.  On November 7, 2006, the DCPS Enforcement and Investigation Division issued an HOD denying all of the Plaintiff's claims.

32. In reaching his decision in the November 2006 HOD, the Hearing Officer specifically relied upon representations in a letter written and submitted for evidence after the October 30, 2006 hearing, which letter was drafted by Marsha Parker, a DCPS employee.

**COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION**

33. The allegations of Paragraphs 1-32 above are incorporated herein as if repeated verbatim.

34. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

35. In failing to develop an SEP, and consequently to obtain evaluations of D.C., DCPS has denied and continues to deny D.C. his right to FAPE under the IDEA.

36. As a result of this denial, D.C. has experienced and continues to experience harm to his educational development.

**COUNT II: FAILURE TO PERFORM EVALUATIONS**

37. The allegations of Paragraphs 1-36 above are incorporated herein as if repeated verbatim.

38. The IDEA requires DCPS to perform an evaluation for any child with a disability in its jurisdiction when DCPS determines that the child's needs warrant the evaluation, or the child's parents or teacher requests the evaluation.

39. In failing to develop an SEP as ordered by multiple HODs, so as to determine what evaluations are necessary, DCPS has violated and continues to violate the IDEA.

40. As a result of this violation, D.C. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) order DCPS to fund, at market rates, independent psychoeducational, speech/language,

5

social history, and clinical psychological evaluations of D.C.;

2) order DCPS to convene an MDT meeting within ten days of their receipt of these evaluations from the Plaintiff, and at that meeting to review the evaluations, to develop an appropriate individualized education program, to determine an appropriate educational placement, and to develop an appropriate compensatory education plan to compensate D.C. for DCPS' failure to develop an SEP since October 13, 2005;

3) award the Plaintiff attorneys' fees and costs of this action;

4) award all other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone: (202) 265-4260
Fax: (202) 265-4264

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-278
JDB

## I (a) PLAINTIFFS

Kisha Hawkins,
on behalf on her minor child, D.C.

11001

## DEFENDANTS

District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave NW
Suite 400
Washington, DC 20009

ATTORNEYS (IF KNOWN)

CASE NUMBER  1:07CV00278

JUDGE: John D. Bates

DECK TYPE: Administrative Agency Rev

DATE STAMP: 02/06/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ◉ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. sec. 1400 et seq. - IDEA claim for funding of independent evaluations and injunction ordering meeting to develop IEP

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE 02/06/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.