## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

| | |
|---|---|
| **KISHA HAWKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| | ) |
| **Defendant.** | ) |

**Civil Action No. 07-278 JDB**

———————————————————

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Kisha Hawkins hereby respectfully moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. In support of her Motion, Ms. Hawkins submits the attached Memorandum.

Respectfully submitted,

/s/ _____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**KISHA HAWKINS,**                      )
                                        )
        **Plaintiff,**         )
                                        )    **Civil Action No. 07-278**
**v.**                                  )    **JDB**
                                        )
**DISTRICT OF COLUMBIA**                )
                                        )
        **Defendant.**         )
_____)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Ms. Hawkins has brought her case under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 et seq., following an adverse administrative decision. Ms. Hawkins seeks an injunction directing the District of Columbia Public Schools ("DCPS") to fund evaluations of her minor son D.C. and to convene a meeting following those evaluations to complete certain objectives.

### FACTUAL BACKGROUND

Ms. Hawkins has been trying to obtain special education for her son D.C. for years.

A September 22, 2005 IDEA Hearing Officer's Determination ("HOD") ordered DCPS, inter alia, to convene a meeting to develop a student evaluation plan ("SEP") for D.C.. (R. at 39.) After DCPS violated that HOD, a December 27, 2005 HOD ordered DCPS, inter alia, to convene a multidisciplinary team ("MDT") meeting on or before January 25, 2006 to develop the SEP. (R. at 44.)

1

DCPS again failed to convene the meeting, and a July 6, 2006 HOD ordered DCPS, inter alia, to convene the meeting on or before August 4, 2006. (R. at 28-32, 48, 55.)[1] The July 2006 HOD also ordered DCPS to coordinate the scheduling of all meetings through Ms. Hawkins' counsel. (R. at 48.)

On August 11, 2006, the Plaintiff sent a letter to the DCPS Office of Mediation and Compliance and the DCPS Office of Special Education notifying DCPS of its failure to comply with the July 2006 HOD. (R. at 59-61.) DCPS did not respond. (R. at 28-32.)[2]

The Plaintiff filed an IDEA due process complaint on August 29, 2006 alleging, inter alia, that DCPS had failed to comply with the July 6, 2006 HOD by not contacting the Plaintiff to schedule a meeting on or before August 4, 2006. (R. at 51.) DCPS did not file a notice of insufficiency regarding the August 29, 2006 complaint. (R. at 28-32.)[3]

On September 24, 2006, DCPS sent to the Plaintiff a "Response to Due Process Complaint Notice" ("Response") stating, inter alia:

> DCPS has attempted to comply with HOD in scheduling an MDT meeting. DCPS continues its efforts in scheduling the meeting. DCPS reserves the option to supplement this response as additional information becomes available.

(R. at 55.) The Response contained no other explanation of DCPS' failure to schedule the meeting. Id. DCPS never supplemented its Response or issued any other response to the due process complaint.[4]

---

[1] At summary judgment, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The Defendant had the opportunity to present evidence contrary to this assertion in both its "Response to Due Process Complaint Notice" (R. at 55) and in its five-day disclosures as required by 20 U.S.C. § 1415(f)(2)(A). (R. at 28-32.) Responding to this claim in its Answer, the Defendant claims to "lack knowledge and information sufficient to enable it to answer…at this time." (Ans. ¶ 7.)

[2] See Footnote 1, supra; Ans. ¶ 16.
[3] See Footnote 1, supra; Ans. ¶ 20.
[4] See Footnote 1, supra; Ans. ¶ 29.

In response to the August 29, 2006 complaint, DCPS convened a resolution meeting on September 11, 2006. (R. at 31.) At the resolution meeting, DCPS refused to fund independent evaluations, but stated that DCPS would perform the requested evaluations. Id. The Plaintiff did not settle for that offer, but agreed to allow DCPS to evaluate D.C.. Id. DCPS did not perform any evaluations of D.C. after the resolution meeting.[5]

The August 29, 2006 due process complaint was heard on October 30, 2006. (R. at 2.) As evidence, DCPS submitted only a "Due Process Complaint Disposition" form and notes from the September 11, 2006 resolution meeting. (R. at 28-32.)

In a November 7, 2006 HOD issued following the October 30, 2006 hearing, the hearing officer denied all of the Plaintiff's claims. (R. at 4.) The HOD contains no determination of whether DCPS violated the July 2006 HOD. (R. at 3-4.) The HOD contains no finding regarding the Plaintiff's allegation that DCPS had never contacted Plaintiff's counsel to schedule a meeting as required by the prior HODs. (R. at 3-4.)

## STATUTORY FRAMEWORK

The Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq., guarantees "that all children with disabilities have available to them free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.300.

"The primary vehicle for implementing these congressional goals is the [Individualized Education Program ("IEP").]…Prepared at meetings between a representative of the local school district, the child's teacher, the parents or guardians,

---

[5] See Footnote 1, supra.

3

and, whenever appropriate, the disabled child, the IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988).

Students' abilities must be assessed and evaluated before they can be found eligible to receive specialized instruction. See 20 U.S.C. § 1414(b)(4). Therefore, each public agency must ensure that "[t]he child is assessed in all areas related to the suspected disability, including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities." 30 C.F.R. § 300.304(c)(4).

Congress has also afforded parents several procedural safeguards. See 20 U.S.C. § 1415. Among them are the right to an administrative "due process hearing," and the right of "any party aggrieved by the findings and decision" at a due process hearing "to bring a civil action with respect to the complaint presented...in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). In such a proceeding, the focus of a reviewing court's inquiry is two-fold:  (1) whether the state has complied with the procedural requirements of the Act; and (2) whether the IEP developed through these procedures is "reasonably calculated to enable the child to receive educational benefits." Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 206-207 (1982).

The IDEA also sets forth evidentiary procedures for due process hearings. At least five days before a due process hearing, "each party shall disclose to all other parties all evaluations completed by that date, and recommendations based on the offering party's

evaluations, that the party intends to use at the hearing." 20 U.S.C. § 1415(f)(2)(A).

Every party to a hearing has the absolute right to "[p]rohibit the introduction of any

evidence at the hearing that has not been disclosed to that party at five business days

before the hearing[.]" 34 C.F.R. § 300.512(a)(3).

      Amendments to the IDEA effective July 2005 established new pleading standards.

The IDEA now requires greater specificity in due process complaints, allows a

respondent to challenge the sufficiency of a complaint, and requires that a respondent

serve a "response" to the complaint containing certain specific information. See 20

U.S.C. §§ 1415(b)(7) and 1415(c)(2).

      In addition to the new pleading requirements, the IDEA now requires that the

parties participate in a "resolution session," also know as a "resolution meeting," at

which the parties discuss settlement. See 20 U.S.C. § 1415(f)(1)(B).

**SUMMARY JUDGMENT STANDARD**

      In general, summary judgment is appropriate when the record as a whole shows

that "there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(c).

      When considering a motion for summary judgment, a trial court must draw all

justifiable inferences in the non-moving party's favor, but the non-moving party may not

rely on mere conclusory allegations, and "must present significant probative evidence

tending to support" its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

(1986). In a summary judgment motion, "the burden on the moving party may be

discharged by 'showing' - that is, pointing out to the district court - that there is an

absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

Unlike typical judicial review of administrative action, in suits filed under the IDEA following an administrative hearing, the court bases its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(B)(iii). "The district court's standard of review under the IDEA is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." <u>Scorah v. District of Columbia</u>, 322 F. Supp. 12, 16 (D.D.C. 2004) (citing <u>Kerkam v. McKenzie</u>, 862 F.2d 884, 887 (D.C. Cir. 1988) and <u>Kroot v. D.C.</u>, 800 F. Supp. 976, 981 (D.C.C. 1992)). Still, the Plaintiff must persuade the court that the hearing officer was wrong, and the court must explain its basis for ruling against the hearing officer. <u>See</u> <u>Kerkam v. McKenzie</u>, 862 F.2d 884, 887 (D.C. Cir. 1988).

**ARGUMENT**

**I.    THE HEARING OFFICER ERRED IN NOT RULING ON THE CLAIMS PRESENTED IN THE DUE PROCESS COMPLAINT.**

The due process complaint alleged that DCPS had failed "to comply with a July 6, 2006 Hearing Officer's Determination." (R. at 51.) More specifically, the complaint alleged, <u>inter</u> <u>alia</u>, that the July 6, 2006 HOD had required DCPS to contact Plaintiff's counsel to schedule a meeting on or before August 4, 2006, and that DCPS had not done so. <u>Id.</u>

The hearing officer completely failed to resolve those issues. Though the hearing officer dismissed the complaint, he did find that DCPS had contacted Plaintiff's counsel to schedule a meeting. He did not even find, more broadly, that DCPS had not violated the July 2006 HOD. (R. at 3-4.)

"[A] decision without reasoned and specific conclusions deserves little deference." Petway v. District of Columbia, 2005 U.S. Dist. LEXIS 36226 at 22-23 (D.D.C. 2005); citing Reid v. District of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005) and Lyons v. Smith, 829 F. Supp. 414, 418 (D.D.C. 1993). As in Petway, here the HOD contained no discussion of the issues identified in the due process complaint, that is, DCPS' failure to comply with the July 2006 HOD inherent in its failure to schedule a meeting through Plaintiff's counsel. See 2005 U.S. Dist. LEXIS 36226 at 21-22. Accordingly, the court should find that the hearing officer erred and overturn the HOD.

## II.    DCPS VIOLATED THE JULY 6, 2006 HEARING OFFICER'S DETERMINATION.

The July 6, 2006 HOD ordered DCPS to convene an MDT meeting on or before August 4, 2006 in order to develop an SEP for D.C.. (R. at 48.) The July HOD also ordered DCPS to schedule all meetings through Plaintiff's counsel. DCPS did not contact Plaintiff's counsel to schedule an MDT, or otherwise schedule that meeting, on or before August 4, 2006. (R. at 28-32, 55, 59.) DCPS therefore violated the July 6, 2006 HOD.

## III.    THE REQUESTED INDEPENDENT EVALUATIONS ARE WARRANTED.

Funding for independent evaluations is an appropriate remedy in this case. Since September 2005, DCPS has violated three HODs, each of which simply required DCPS to convene a meeting to determine what evaluations were appropriate in D.C.'s case. DCPS has had more than enough chances to meet this basic obligation.

As DCPS has shown an unwillingness to meet to determine D.C.'s suspected disabilities, and thereby to determine what evaluations are warranted, Ms. Hawkins' list of necessary evaluations should be accepted, and DCPS should be ordered to fund such

independent evaluations at market rate.[6] There is no reason to make Ms. Hawkins and D.C. wait anymore for DCPS to act.

## CONCLUSION

For these reasons, the Court should grant Ms. Hawkins summary judgment, declare that DCPS violated the July 2006 HOD and denied D.C. free appropriate public education when it failed to convene a meeting as ordered in that hearing officer's determination, and order DCPS: 1) to fund independent psychoeducational, speech/language, social history, and clinical psychological evaluations of D.C., each at market rate; 2) to convene a multidisciplinary team meeting within ten days of its receipt of the last of these evaluations, and at that meeting to review all current evaluations, to develop an appropriate individualized education program, to determine an appropriate educational placement, and to develop a compensatory education plan to compensate D.C. for DCPS' failures to develop a student evaluation plan, and consequently to provide D.C. with special education, since October 13, 2005.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

---

[6] The opinion of Ms. Hawkins and her educational consultant aside, it is worth noting that at the hearing, it was openly acknowledged that three of these evaluations – the psychoeducational evaluation, the speech/language evaluation, and the social history – comprise the usual initial battery of evaluations. See R. at 82.

## TABLE OF AUTHORITIES

<u>**Cases**</u>

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986)......................................................5

<u>Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley</u>, 458 U.S. 176 (1982).............................................................................................................4

* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)………………………….…………2, 6

<u>Honig v. Doe</u>, 484 U.S. 305 (1988)...............................................................................4

<u>Kerkam v. McKenzie</u>, 862 F.2d 884 (D.C. Cir. 1988)......................................................6

<u>Kroot v. D.C.</u>, 800 F. Supp. 976 (D.C.C. 1992) ..............................................................6

<u>Lyons v. Smith</u>, 829 F. Supp. 414, 418 (D.D.C. 1993)………………………………..7

* <u>Petway v. District of Columbia</u>, 2005 U.S. Dist. LEXIS 36226 (D.D.C. 2005)….....…7

<u>Reid v. District of Columbia</u>, 401 F.3d 516 (D.C. Cir. 2005)……………..…………..7

<u>Scorah v. District of Columbia</u>, 322 F. Supp. 12 (D.D.C. 2004)…………..…………6

<u>**Statutes and Regulations**</u>

20 U.S.C. § 1415..............................................................................................*passim*

34 C.F.R. § 300.300...................................................................................................3, 4

Fed. R. Civ. P. 56(c)………………………………………………………………1, 5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

|                                         |       |                         |
|-----------------------------------------|-------|-------------------------|
| **KISHA HAWKINS,**                      | )     |                         |
|                                **Plaintiff,** | )     |                         |
|                                         | )     | **Civil Action No. 07-278** |
| **v.**                                  | )     | **JDB**                 |
|                                         | )     |                         |
| **DISTRICT OF COLUMBIA,**               | )     |                         |
|                               **Defendant.** | )     |                         |

---

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      Ms. Hawkins, the Plaintiff, is the mother of D.C., a minor child.  (Compl. ¶ 4.)

2.      The Plaintiff and D.C. are residents of Washington, D.C. (Compl. ¶ 4.)

3.      The District of Columbia is a municipal corporation that receives federal financial

assistance in exchange for providing special education and related services. (Ans. ¶ 5.)

4.      A September 22, 2005 Hearing Officer's Determination ("HOD") issued

following an IDEA hearing ordered DCPS, inter alia, to convene a student evaluation

plan ("SEP") meeting within 15 school days of that order to determine appropriate

evaluations for D.C.. (R. at 39.)

5.      DCPS did not convene a meeting as required by the September 2005 HOD. (R. at

28-32, 55.)[1]

6.      A December 27, 2005 HOD issued following an IDEA hearing ordered DCPS,

inter alia, to convene a multidisciplinary team ("MDT") meeting on or before January 25,

2006 to develop an SEP for D.C.. (R. at 44.)

---

[1] At summary judgment, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The Defendant had the opportunity to present evidence contrary to this assertion in both its "Response to Due Process Complaint Notice" (R. at 55) and in its five-day disclosures as required by 20 U.S.C. § 1415(f)(2)(A). (R. at 28-32.) Responding to this claim in its Answer, the Defendant claims to "lack knowledge and information sufficient to enable it to answer the allegations…at this time." (Ans. ¶ 7.)

7.      DCPS did not convene a meeting as required by the December 2005 HOD. (R. at 28-32, 55.)[2]

8.      A July 6, 2006 HOD issued following an IDEA hearing ordered DCPS, inter alia, to convene a MDT meeting on or before August 4, 2006 to develop a SEP for D.C.. (R. at 48.)

9.      DCPS did not convene a MDT meeting on or before August 4, 2006. (R. at 28-32, 55.)[3]

10.     The July 2006 HOD also ordered DCPS to coordinate scheduling all meetings through Petitioner's counsel.  (R. at 48.)

11.     On August 11, 2006, the Plaintiff sent a letter to the DCPS' Office of Mediation and Compliance and Office of Special Education notifying DCPS of its failure to comply with the July 2006 HOD. (R. at 59-61.)

12.     DCPS did not respond to the Plaintiff's August 11 letter. (R. at 28-32.)[4]

13.     The Plaintiff filed an IDEA due process complaint on August 29, 2006 alleging, inter alia, that DCPS had failed to comply with the July 6, 2006 HOD by not contacting the Plaintiff to schedule a meeting on or before August 4, 2006. (R. at 51.)

14.     DCPS did not file a notice of insufficiency regarding the August 29 complaint. (R. at 28-32.)[5]

15.     On September 24, 2006, DCPS sent to the Plaintiff a "Response to Due Process Complaint Notice" ("Response") which stated, inter alia, that "DCPS has attempted to comply with HOD in scheduling an MDT meeting. DCPS continues its efforts in

---

[2] See Footnote 1, supra; Ans. ¶ 9.
[3] See Footnote 1, supra; Ans. ¶ 13.
[4] See Footnote 1, supra; Ans. ¶ 16.
[5] See Footnote 1, supra; Ans. ¶ 20.

scheduling the meeting. DCPS reserves the option to supplement this response as additional information becomes available." (R. at 55.)

16.    In their Response, DCPS offered no explanation for refusing to take action besides the above quoted language. (R. at 55.)

17.    DCPS never supplemented its Response or issued any other response to the due process complaint.[6]

18.    A resolution meeting regarding the due process complaint was held on September 11, 2006. (R. at 31.)

19.    At the resolution meeting, DCPS refused to fund independent evaluations, but stated that DCPS would perform the requested evaluations. (R. at 31.)

20.    The Plaintiff did not settle for that offer, but agreed to allow DCPS to evaluate D.C.. (R. at 31.)

21.    DCPS did not perform any evaluations of D.C. after the resolution meeting.[7]

22.    A due process hearing regarding the complaint was held on October 30, 2006. (R. at 2.)

23.    Prior to the October 30 hearing, DCPS identified three potential witnesses for DCPS: the Plaintiff, "Z. Johnson", and "S. Kaufmann". (R. at 28.)

24.    In DCPS' "Disclosure Statement and Motion to Compel" dated October 23, 2006, DCPS disclosed only a "Due Process Complaint Disposition" form and notes from the September 11, 2006 Resolution Meeting. (R. at 28-32.)

25.    An HOD issued on November 7, 2006 denied all of the Plaintiff's claims. (R. at 4.)

---

[6] See Footnote 1, supra; Ans. ¶ 29.
[7] See Footnote 1, supra.

26.    The November 7, 2006 HOD contains no determination of whether DCPS violated the July 2006 HOD. (R. at 3-4.)

27.    The November 7, 2006 HOD does not find that DCPS had contacted Plaintiff's counsel to schedule a meeting as required by the prior HODs or that DCPS had not contacted Plaintiff's counsel for that purpose. (R. at 3-4.)

Respectfully submitted,

/s/ _____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| KISHA HAWKINS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No. 07-278 |
| v. | ) | JDB |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## <u>ORDER</u>

In consideration of the Plaintiff's Motion for Summary Judgment and any opposition thereto, it is hereby

ORDERED, that the Plaintiff's Motion is granted, and further

DECLARED that the District of Columbia Public Schools violated a hearing officer's determination of July 6, 2006 and denied D.C. free appropriate public education when it failed to convene a meeting as ordered in that hearing officer's determination;

ORDERED, that DCPS shall fund independent psychoeducational, speech/language, social history, and clinical psychological evaluations of D.C., each at market rate, and further

ORDERED, that DCPS shall convene a multidisciplinary team meeting within ten days of its receipt of the last of these evaluations, and at that meeting shall review all current evaluations, develop an appropriate individualized education program, determine an appropriate educational placement, and develop a compensatory education plan to compensate D.C. for DCPS' failures to develop a student evaluation plan, and consequently to provide D.C. with special education, since October 13, 2005.

_____
Judge John D. Bates
United States District Court Judge