## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        :
Kisha Hawkins,                          :
On behalf of her minor child, D.C.,     :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :   Civ. Action No. 07-0278 (JDB)
                                        :
DISTRICT OF COLUMBIA,                   :
                                        :
        Defendant.                      :
_____:


## DEFENDANT'S CROSS-MOTION  FOR SUMMARY JUDGMENT

        The Defendant, by counsel and pursuant to Fed. R. Civ. P. 56 and LCvR 56.1,

respectfully moves for summary judgment in the captioned proceeding.

        A memorandum of points and authorities, a statement of material facts as to

which there are no genuine issues in dispute, and a proposed order are attached hereto.

                                        Respectfully submitted,

                                        LINDA SINGER
                                        Attorney General
                                        for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        _/s/ Edward P. Taptich_
                                        EDWARD P. TAPTICH [#012914]
                                        Chief, Equity Section II

_/s/ **Amy Caspari**_
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

June 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

|  |  |  |
|---|---|---|
| Kisha Hawkins, | : | |
| on behalf of her minor child, D.C., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-0278 (JDB) |
| | : | |
| | : | |
| District of Columbia, | : | |
| | : | |
| Defendant. | : | |

_____:

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  D.C. registered at the Center for Mental Health Head Start ("CMHHS'), a District of Columbia Public School provider, on October 7, 2004. (R. at 9)

2.  D.C. withdrew from CMHHS on June 22, 2005.  Exhibit A

3.  A July 6, 2006 Hearing Officer's Determination ("HOD") pursuant to the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA") 20 U.S.C. §§1400 et seq., ordered DCPS to convene a Multidisciplinary Team ("MDT") meeting to develop a Student Evaluation Plan ("SEP") on or before August 4, 2006. (R. at 49.)

4.  DCPS's attempt to comply with the HOD and conduct the MDT meeting was disrupted as D.C.'s location was unknown, despite repeated attempts to locate the student. (R. at 72.)

5.  DCPS could not locate D.C. at Turner Elementary School (his home school) as an attending or non-attending student. (R. at 8.)

6.      Even today, DCPS cannot find D.C. (Exhibit A)

7.      Plaintiff filed a Due Process Complaint Notice on August 29, 2006, pursuant

to DCPS' inability to comply with the July 6, 2006 HOD. (R. at 51.)

8.      The Complaint proposed, inter alia, that DCPS "immediately fund speech and

language, social history, psycho-educational, and clinical evaluations" and

"convene an MDT meeting within ten (10) days of receiving the last of these

independent evaluations." (R. at 52.)

9.      On September 24, 2006, DCPS issued a Response to Due Process Complaint

Notice detailing its efforts to comply with the HOD in scheduling an MDT

meeting. (R. at 55.)

10.     The September 24, 2006 Response clearly stated that DCPS did not prevent

any of the following: the child's right to a Free Appropriate Public Education

("FAPE"), the parent's opportunity to participate in the decision making

process, and the student's access to educational benefits. (R. at 55.)

11.     On September 11, 2006 a Resolution Meeting occurred regarding the due

process complaint. (R. at 31.)

12.     As a result of the resolution meeting, a location and time to convene an SEP

meeting was set: Turner Elementary School on November 15th at 9:30 am. (R.

at 31).

13.     DCPS could not locate D.C. at CMHHS.  In a hearing conducted on October

30, 2006, Plaintiff's counsel admitted that D.C. was not at CMHHS (R. at 73:

3-7.)

14.     Even though Plaintiff admitted that D.C. was not at CMHHS, Plaintiff argued that DCPS violated the July 6, 2006 HOD by not convening an MDT meeting. (R. at 72: 1-7.)

15.     Plaintiff's counsel further called for DCPS to fund another set of evaluations of D.C. (R. at 72: 6-7.)

16.     Defendant's counsel contended its client made efforts to comply with the July 6, 2006 HOD, but was unable to locate D.C. (R. at 72: 13-18.)

17.     Defendant's counsel explained D.C. was neither registered at nor attending Turner, the school Plaintiff's counsel contends he was registered and where the MDT meetings were scheduled to be held. (R. at 75: 15-22.)

18.     Defendant's counsel presented evidence from Turner's principal, Marcia S. Parker, in which she stated "I affirm D.C. is not a student at this school, nor has anyone registered him as a non-attending student." (R. at 8.)

19.     Plaintiff's counsel admitted D.C. was not at Turner Elementary School as stipulated by September 11, 2006 resolution meeting. (R. at 73: 5-7.)

20.     Since withdrawing from CMHHS, D.C. never re-registered at any DCPS school as an attending or non attending student to date. (Exhibit A)

21.     Neither D.C. nor his parent attended the October 30, 2006, hearing. (R. at 5)

22.     On November 7, 2006, the hearing officer found that the District of Columbia Public Schools ("DCPS") had conducted a Speech and Language Evaluation for D.C. at the Center for Mental Health Head Start ("CMHHS") on October 26, 2004. (R. at 21.)

23.     On November 7 2006, the hearing officer found that DCPS had conducted a Psychological Evaluation on August 20, 2005 for D.C. at CMHHS. (R. at 3.)

24.     On November 7, 2006, the hearing officer found that DCPS had conducted a Psychiatric Evaluation for D.C. at CMHHS on April 19, 2005. (R. p. 3)

25.     On November 7, 2006, the hearing officer found that the student "had attended the Center for Mental Health Head Start program, but has aged out of that program" and that the student's "home school would be Turner Elementary". (R. at 4.)

26.     The HOD found the Plaintiff's counsel "has not met his burden of proof that the student was attending Turner Elementary School so that DCPS can convene an MDT meeting at Turner." (R. at 4.)

27.     The November 7, 2006 HOD denied the parent's "request for relief" and dismissed the Plaintiff's case. (R. at 4.)

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

_/s/ **Amy Caspari**_
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

June 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————

Kisha Hawkins,                        :
on behalf of her minor child, D.C.,   :
                                      :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :   Civil Action No. 07-0278 (JDB)
                                      :
                                      :
District of Columbia,                 :
                                      :
        Defendant.                    :
———————————————————:


## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

On November 7, 2007, an administrative hearing officer's decision ("HOD") was issued pursuant to the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA") 20 U.S.C. §§1400 et seq., concerning student D.C.  The issue presented and resolved was, "Did DCPS deny a Free Appropriate Public Education ("FAPE") to the student by failing to complete evaluations on the student and convene a Multi Disciplinary Team Meeting ("MDT") meeting?"  Based on the evidence submitted and oral presentations at the hearing on October 30, 2006, the hearing officer denied Plaintiff's request for independent evaluations and an MDT meeting. R. p. 3-4.

The fundamental factual questions in the administrative proceeding were whether the District of Columbia Public Schools ("DCPS") conducted certain evaluations of the student in response to a request to determine eligibility for special education services, and, if eligibility had determined, whether an appropriate MDT meeting was held to

1

establish a special education program if D.C. was found eligible.  R. p. 76, lines 20-22.

The Plaintiff bore the burden of proof on the issue. <u>Schaffer v. Weast</u>, 546 U.S. 49

(2005); 5 DCMR 30 § 3030.3.

> The hearing officer denied the requested relief, concluding as follows:

>> Counsel for the student has failed to meet his burden of proof that DCPS denied a Free Appropriate Public Education (FAPE) to the student by failing to complete evaluations on the student and convene and MDT meeting.  The above findings of Fact #3 shows that DCPS has completed current psychological, psychiatric, and speech and language evaluations on the student.  Counsel for the student has not met his burden of proof that the student is attending Turner Elementary School so that DCPS can convene an MDT meeting at Turner.  Counsel for the parent asserts that the student is attending there, but the principal for Turner Elementary School has submitted a letter that as the keeper of records at that school, this student is not a student at her school.

R. p. 4.

> In this appeal, Plaintiff seeks a reversal of the hearing officer's decision, and "an

injunction directing the District of Columbia Public Schools. . . to fund evaluations of

her minor son D.C. and to convene a meeting following those evaluations to complete

certain objectives."  Complaint p. 1.

## <u>BACKGROUND</u>

> D.C. registered at the Center for Mental Health Head Start ("CMHHS"), a District

of Columbia Public School provider, on October 7, 2004.  Exhibit A.  D.C. withdrew

from CMHHS on June 22, 2005.  Exhibit A.

> As a result of a due process hearing complaint filed by Plaintiff's counsel

pursuant to the Individuals With Disabilities Education Improvement Act of 2004

("IDEIA") 20 U.S.C. §§1400 <u>et seq.</u>, a July 6, 2006 Hearing Officer's Determination

("HOD") ordered DCPS to convene an MDT meeting to develop a Student Evaluation Plan ("SEP") on or before August 4, 2006. R. p. 49.

DCPS's attempt to comply with the HOD and conduct the MDT meeting was disrupted as D.C.'s location was unknown after he withdrew from CMHHS, despite repeated attempts to locate the student. R. p. 72, lines 13-18. DCPS could not locate D.C. at Turner Elementary School (his home school) as an attending or non-attending student. R. p. 8. Even today, DCPS still cannot find D.C. Exhibit A.

Plaintiff filed another Due Process Complaint Notice on August 29, 2006, in light of DCPS' inability to comply with the July 6, 2006, HOD. R. p. 51. The Complaint proposed, inter alia, that DCPS "immediately fund speech and language, social history, psycho-educational, and clinical evaluations" and "convene an MDT meeting within ten (10) days of receiving the last of these independent evaluations." R. p. 52. On September 24, 2006, DCPS issued a Response to Due Process Complaint Notice detailing its efforts to comply with the earlier HOD in scheduling an MDT meeting. R. p. 55. The Response clearly stated that DCPS did not prevent any of the following: the child's right to a FAPE, the parent's opportunity to participate in the decision making process, or the student's access to educational benefits. R. p. 55. On September 11, 2006, a Resolution Meeting occurred regarding the due process complaint. R. p. 31. As a result of the resolution meeting, a location and time to convene an SEP meeting was set: Turner Elementary School on November 15th at 9:30 am. R. p. 79 lines 10-12. However, DCPS could still not locate D.C. R. p. 81, lines 14-16.

In a hearing conducted on October 30, 2006, Plaintiff's counsel admitted that D.C. was not at CMHHS (R. p. 73: 3-7) but still argued that DCPS had violated the July

6, 2006, HOD by not convening an MDT meeting. R. p. 72: 1-7. Plaintiff's counsel further called for DCPS to fund yet another set of evaluations of D.C. R. p. 72: 6-7. DCPS' counsel contended his client made efforts to comply with the July 6, 2006 HOD, but was unable to locate D.C. (R. p. 72: 13-18), and that D.C. was neither registered at nor attending Turner. R. p. 75: 15-22. DCPS presented evidence from Turner's principle, Marcia S. Parker, in which she stated "I affirm D.C. is not a student at this school, nor has anyone registered him as a non-attending student." R. p. 8.

Plaintiff's counsel admitted the student was not at Turner Elementary School as stipulated in the September 11, 2006 resolution meeting. R. p. 73: 5-7. Neither D.C. nor his parent attended the October 30, 2006, hearing. R. p. 5.[1] On November 7, 2006, the hearing officer found that D.C. was no longer attending CMHHS, and his "home school would be Turner Elementary." R. p. 4.

The hearing officer determined that Plaintiff's counsel "has not met his burden of proof that D.C. was attending Turner Elementary School so that DCPS can convene an MDT meeting at Turner." R. p. 4. As to the evaluations, he found that on October 26, 2004, DCPS had conducted a Speech and Language Evaluation for D.C. at CMHHS. R. p. 21. He further found that DCPS had conducted a Psychological Evaluation on August 20, 2005, and a Psychiatric Evaluation at CMHHS. R. p. 3. Thus, on those bases the hearing officer denied the parent's "request for relief" and dismissed the Plaintiff's case. R. p. 4.

---

[1] Since withdrawing from CMHHS in 2005, D.C. never re-registered at any DCPS school as an attending or non-attending student to date. Exhibit A.

## ARGUMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Diamond v.Atwood, 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one that will affect the outcome of the action. Celotex, 477 U.S. at 322, 106 S.Ct. 2548; Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Anderson 477 U.S. at 255, 106 S.Ct. 2505.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. Id.

I.    <u>**The hearing officer's decision on the issue specified was based on, and supported by, the record.**</u>

The hearing officer determined that Plaintiff failed to meet her burden of proving: that DCPS denied a FAPE by failing to complete evaluations on the student and convene an MDT meeting.  This is supported by the record evidence.

IDEIA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing.  20 U.S.C. §1415(i)(2)(A).  In conducting such review, the "preponderance of the evidence" standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review."  <u>Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley</u>, 458 U.S. 176, 206 (1982).  In other words, the court should not "reverse the hearing officer's findings simply because [the court] disagree[s] with them."  <u>Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ</u>., 2001 U.S. Dist. LEXIS 6994, *12 (N.D. Ill., March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect.  <u>Angevine v. Smith</u>, 292 U.S. App. D.C. 346, 959 F.2d 292, 295 (1992); <u>Kerkam v. McKenzie</u>, 274 U.S. App. D.C. 139, 862 F.2d 884, 887 (1988); <u>Lyons v. Smith</u>, 829 F. Supp. 414, 417 (D.D.C. 1993). "When no additional evidence is introduced in a civil suit seeking review of an H.O.D., a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record." <u>District of Columbia v. Ramirez</u>, 377 F. Supp. 2d, 63, 67 (D.D.C. 2005) (citing 20 U.S.C. § 1415(i)(2)(B)).

While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons, 829 F. Supp. at 418. This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. Rowley, 458 U.S. at 207-08. Only when a hearing officer's decision issued is shown to be contrary to the preponderance of the evidence on record, is it entitled to very little deference. Gellert v. D.C. Pub. Sch, 435 F. Supp. 2d 18, 24 (D.D.C. 2006). Accordingly, this Court must give the hearing officer's determination "due weight," and Plaintiff, in order to prevail, must show by a "preponderance of the evidence" that the hearing officer was wrong.

At hearing, Plaintiff's counsel sought Speech and Language, Social History, Psycho-educational, and Clinical evaluations of D.C. to determine D.C.'s special education eligibility. R. p. 72 lines 1-7. In response, DCPS presented evidence that a Psychological Evaluation Report, a Psychiatric Evaluation and a Speech and Language evaluation had already been conducted. R. 76-77. These evaluations are included in the administrative record. R. p. 9-27. The hearing officer concluded that, since evaluations had already been performed, and because Plaintiff was unable to answer any questions as to the dates and types of evaluations that were performed on the student, it was not in D.C.'s best interest for them to be performed again. R. p. 91, line 4-6 and R. p. 4. Further, the hearing officer observed that certain evaluations, like a psycho-educational exam, should not be performed more than once a year and, thus, he could not order this

exam if one already existed.  R. p. 83, line 2-3.  Accordingly, the hearing officer denied Plaintiff's request for independent evaluations. R. p. 4.

The hearing officer also denied Plaintiff's claim for an MDT meeting.  Plaintiff alleged that since an MDT meeting had been ordered in a July 6, 2006, HOD but was not conducted by DCPS, an MDT meeting to review D.C.'s evaluations was due and owing. At hearing, DCPS counsel stated that while DCPS had made efforts to comply with this HOD, *the student was not registered or attending his home school* and "we don't know how to locate the student." R. p. 72, lines 13-18. DCPS showed that D.C. was not at Turner Elementary School—the school he was purported to be attending (R p. 72 line 16; p. 75 line 19-20; R.  p. 72 line 17-18), and even supplied a letter to the hearing officer from Turner's principal that D.C. was not attending there. R. p. 4

Even statements by Plaintiff's own counsel admitting that DCPS did try to arrange a meeting at Turner but "he's not there," (R. p. 73, line 3-5) supports the District's inability to locate D.C. "Turner is in a weird spot—it's like how are they supposed to do an MDT meeting on a student who is not attending their school."  R. p. 73 lines 9-10.  When asked the current whereabouts of the student, Plaintiff's counsel could not confirm his location—"I'm not asserting anything." R. p. 88 line 19.

Based on the foregoing, the hearing officer stated, "if he is not there, then I can't get a proper MDT team." R. p. 88 line 10. Further, the hearing officer thoughtfully explained the burden of ordering an MDT on a student that cannot be located--stating that he can't have people who do not know that student make decisions about that student. Id at 10-12.  Thus, on November 7, 2006, the hearing officer denied Plaintiff's request for

an MDT meeting. R. p. 4.  That ruling, Defendant submits was fully supported by the administrative record.

## CONCLUSION

The November 7, 2006, hearing officer's decision should be affirmed.  Plaintiff has not offered any evidence to support a claim that the hearing officer was wrong in his finding that evaluations of D.C. had been completed, and that DCPS sought to conduct an MDT meeting.  Rather, as shown, the record fully supports the findings that as to D.C., the proper evaluations were conducted and that any attempt by DCPS to conduct an MDT meeting was impossible because D.C. withdrew from DCPS.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

June 20, 2007

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | : |
| Kisha Hawkins, | : |
| on behalf of her minor child, D.C., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civ. Action No. 07-0278 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |
| _____ | : |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Summary Judgment and Defendant's

Cross-Motion for Summary Judgment, the Oppositions and Replies thereto, it is hereby

**ORDERED,** that Defendant's Cross-Motion for Summary Judgment is GRANTED; and

it is **FURTHER ORDERED,** that Plaintiffs' Motion for Summary Judgment is

**DENIED.**


_____
United States District Judge

# ENCORE!

**HOME**  **SEARCH ENCORE**  **REPORTS**  **ADMINISTRATION**  **HELP**  **LOGOUT**

User: HARRIS-LINDSEY, QUINNE    School: DCPS/All

Go To Student ID: [ ]

Transfers / Attending School / History
Student: **Chandler, Delonte**  ID: **9203375**  Grade: **Pre-Kindergarten, Age 2**

⊞ **Profile**

⊟ **Transfers**

  ⊡ Attending School
  ⊡ Managing School
  ⊡ Folder School
  ⊡ Zone School

⊞ **Special Ed**

  ⊡ Intervention
  ⊡ 504

ATTENDING SCHOOL

ADD

|  |  | Records 1 - 3 of 3 ▸ ▸▸ |
| Category | Reason | School From | School To | Effective Date ▾ |
| --- | --- | --- | --- | --- |
| Withdrawn | Unknown Withdrawal Status | Head Start |  | 6/22/2005 |
| Withdrawn |  | Head Start |  | 6/22/2005 |
| Enrolled |  | Head Start |  | 10/7/2004 |
|  |  |  | ◂◂ ◂ Records 1 - 3 of 3 ▸ ▸▸ |

△ Top

© Copyright 2003-2006. 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9

**ENCORE!**™

HOME | SEARCH ENCORE | REPORTS | ADMINISTRATION | HELP | LOGOUT

User: HARRIS-LINDSEY, QUINNE    School: DCPS/All

Go To Student ID:

Profile / Core Data

Student: **Chandler, Delonte**  ID: **9203375**  Grade: **Pre-Kindergarten, Age 2**

- Profile
  - Core Data
  - Phone
  - Address
  - Surrogate
  - Student Code
  - Student Property
  - Contacts
  - Placement Log
  - Log of Access
- Transfers
- Special Ed
- Intervention
- 504

NAME                                                                        HISTORY

First Name: Delonte          Middle Name:
Last Name: Chandler          Suffix:

OTHER INFO                                                                   EDIT

Grade: Pre-Kindergarten, Age 2
Gender: Male
Race: Black
GroupID:

PROGRAMS

Special Ed: Referred
Intervention: Inactive
504: Inactive

SCHOOL

Attending: Head Start        Zone:
IEP: Early Childhood         Folder: Early Childhood

OTHER INFO WITH HISTORY

ID: 9203375          History
DOB: 09/16/2001      History
SSN:                 History
StateID:             History

△ Top

© Copyright 2003-2006. 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9

ATT570R v4.0.18

Page: 1 of 1

**District of Columbia Public Schools**

## Attendance Summary
25 AUG 2006 to 08 JUN 2007

**Head Start**

Run Date: 08 Jun 2007 12:01 PM

**Chandler, Delonte**
(202)563-1331
3062 Stanton Rd, Se
Washington, DC 20020
**Withdrawal Date: 22 Jun 2005**

| Pupil No. | Grade | Gender | Birth Date | Homeroom | Ethnicity |
|-----------|-------|--------|------------|----------|-----------|
| 9203375 | PS | M | 16 SEP 2001 | ****** | Blk |

|  | Absences | | | | Lates |
|------|------|------|------|------|-------|
|  | **Auth** | **Exc** | **Unexc** | **Total** | |
| **AM** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **PM** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Days** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| Total Days Present /Membership Days |
|-------------------------------------|
| 0.00 / 0.00 |

| School | Date | A/L | Reason A.M. | In/Out | Time | A/L | Reason P.M. | In/Out | Time |
|--------|------|-----|-------------|--------|------|-----|-------------|--------|------|

**Admission/Withdraw Maintenance**

| 225 | Head Start | | Homeroom | No Homeroom | | WD 22-JUN-2005 |

| Pupil Number | Legal Last Name | Suffix | Legal First Name | Gender | Birth Date | Grade | Middle Name |
|---|---|---|---|---|---|---|---|
| 0203375 | Chandler | | Delonte | M | 09/16/2001 | PS | |

Admission Status

**Admission/Withdraw History**

| Effective Date | A/W | A | W | Description | Admit Sch. | Ministry/State # | Prev Sch. | District # | Next Sch. | Hrm |
|---|---|---|---|---|---|---|---|---|---|---|
| | A | | | New - Non-Boundaried Sch | | | | | | |
| 06/22/2005 | W | | 0 | Unknown | 225 | 225 | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

Register    Attendance