IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KISHA HAWKINS,  )<br>    Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>DISTRICT OF COLUMBIA  )<br>    Defendant.  )<br>  ) | Civil Action No. 07-0278 JDB |

### PLAINTIFF'S MOTION TO CORRECT THE ADMINISTRATIVE RECORD

In accordance with Rule 7(b) of the Federal Rules of Civil Procedure, Plaintiff Kisha Hawkins moves to correct the administrative record of the October 30, 2006 due process hearing filed by the Defendant on April 30, 2007. The Plaintiff moves to correct certain misattributed portions of the written transcript of the hearing and requests that proper attribution be noted by the Court. In support, Ms. Hawkins files the attached Memorandum and audio recording exhibit.

Wherefore, Ms. Hawkins respectfully requests that the statements on page 73, lines 5-7 and 9-10 of the hearing transcript be deemed misattributed to Plaintiff's counsel, and be recognized by the Court as statements by counsel for the District of Columbia Public Schools.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KISHA HAWKINS,  )<br>      Plaintiff,  )<br>               )<br>v.                 )<br>               )<br>DISTRICT OF COLUMBIA,  )<br>      Defendant.  )<br>               ) | Civil Action No. 07-0278<br>JDB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO CORRECT THE ADMINISTRATIVE RECORD**

**INTRODUCTION**

Ms. Hawkins has brought her case under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 et seq., following an adverse administrative decision. Ms. Hawkins seeks an injunction directing the District of Columbia Public Schools ("DCPS") to fund evaluations of her minor son D.C. and to convene a meeting following those evaluations to complete certain objectives. Ms. Hawkins now moves to correct certain portions of the administrative record.

**FACTUAL BACKGROUND**

On October 30, 2006, DCPS held an administrative hearing to resolve Ms. Hawkins' due process complaint. (R. at 5.) An audio recording of this hearing was made, and a written transcript was produced from that recording and included with the administrative record. (R. at 69-92.) The Defendant compiled the Record and filed it on April 30, 2007.

Page 73 of the Administrative Record contains the following two statements made by counsel for DCPS and misattributed to Plaintiff's counsel:

1

      "He's not there and there – Petitioner claims he's at Turner but he's not at Turner either. The Care Center had through the resolution meeting held in September did schedule a meeting for November 15th at Turner-" (R. at 73:5-7.)

and:

      "But Turner's in a weird spot – it's like how are they supposed to do an MDT meeting on a student who is not attending their school." (R. at 73:9-10.)

Upon review of the transcript, Plaintiff's counsel noticed these and other errors, and contacted Defendant's counsel on May 17, 2007 to attempt to resolve the issues with the transcript amicably. Exhibit 2. In response, Defendant's counsel refused to "verify the correspondence between the tape recordings and the written product," suggesting instead that the Plaintiff take the issue directly to the Court. Exhibits 3 and 4.

Following that exchange, Plaintiff's counsel determined that the flawed portions of the transcript did not interfere with the Plaintiff's summary judgment motion, and accordingly declined to bring the matter to the Court at that point.

The Plaintiff filed her Motion for Summary Judgment on May 31, 2007, and the Defendant filed its Cross-Motion on June 20, 2007. In its Cross-Motion, the Defendant repeatedly cited to the misattributed statements identified above, to which Plaintiff's counsel had already directed Defendant's counsel's attention. (See, e.g., Def.'s Mot. Summ. J. at 2, 3, 8.)

Upon review of the Cross-Motion, Plaintiff's counsel again contacted Defendant's counsel to find a solution without the Court's intervention. Exhibit 5. Defendant's counsel did not respond.

## ARGUMENT

The context and phrasing of the statements leave little doubt that the statements in question were made by DCPS counsel, not Plaintiff's counsel. The audio recording leaves no question at all. Exhibit 1.

2

The statements in question are nearly identical to several statements made at other points in the hearing by DCPS counsel (See, e.g,. R. at 90:13-16), and were spoken at a point when the Hearing Officer was directly questioning counsel for DCPS. In one of the statements, the speaker refers to the Petitioner in the third person. (R. at 73:5-7.) In that statement, the speaker asserts that the "Petitioner claims [D.C. is] at Turner" though Plaintiff's counsel made very clear at the hearing that counsel could make no representation at that time, as the Defendant itself has noted in it Opposition. (See Def.'s Opp. to Pl.'s Mot. Summ. J. 4.) In the other statement, the speaker is clearly speaking in defense of DCPS: "[H]ow are they supposed to do an MDT meeting on a student who is not attending their school." (R. at 73:9-10.) The attribution of the transcriptionist notwithstanding, the content and context of the statements leave little question that DCPS counsel made them.

As stated above, the audio recording of the hearing, attached hereto as Exhibit 1, is perfectly clear. The Court can judge for itself, without call for expert analysis.

As the other errors in the transcript are largely non-substantive, a full replacement transcription is neither necessary nor desirable. Given that this case concerns timely evaluations for a disabled child, further postponing a resolution is clearly not in the child's best interest. These two corrections can and should be made without ordering a new transcript or further postponing a resolution.

                                                Respectfully submitted,

                                                /s/ _____
                                                Douglas Tyrka, #467500
                                                Tyrka & Associates, LLC
                                                1726 Connecticut Ave. NW, Suite 400
                                                Washington, DC  20009

                (ph) (202) 265-4260
                (f) (202) 265-4264

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KISHA HAWKINS,** | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. 07-0278 |
| v. | ) | JDB |
|  | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| Defendant. | ) | |
|  | ) | |

## NOTICE OF FILING OF AUDIO RECORDING

An audio recording has been filed with the Clerk's Office for the United States District Court for the District of Columbia at 333 Constitution Avenue, N.W. Washington, D.C. 20001. This recording is Plaintiff's Exhibit 1 for her Memorandum in support of her Motion to Correct the Administrative Record filed on June 29, 2007.

Respectfully submitted,

/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

**Exhibit 1**

## Douglas Tyrka

**From:** "Douglas Tyrka" <tyrka@tyrkalaw.com>
**To:** "Caspari, Amy (OAG)" <Amy.Caspari@dc.gov>
**Sent:** Thursday, May 17, 2007 1:02 PM
**Subject:** Hawkins/▓▓▓▓ transcript

There are significant transcription errors. They start right away, with a nonsensical opening statement from DuBow, then several statements attributed to me on pages 4-5 that are obviously from Gupta, then more nonsense from me on pages 9-10. I didn't go any further. These were obvious enough that I didn't bother checking them against the audio; I might find many more if I compared the whole thing against the audio.

Unfortunately, this isn't the only messed up transcript I have. Not all of the ones from the new transcriptionist seem this bad, so I'm wondering if they have one transcriptionist at that company who's very bad. Regardless, I think you need to tell them to have it re-done (ASAP, I would hope) by a different transcriptionist.

Please take a look and let me know what you think.

This electronic message transmission contains information from the law office of Douglas Tyrka which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com) immediately.

_ Exhibit 2

----- Original Message -----
**From:** Caspari, Amy (OAG)
**To:** 'Douglas Tyrka'
**Sent:** Friday, May 18, 2007 9:49 AM
**Subject:** RE: Hawkins/▮▮▮▮ transcript

Dear Doug,

We have filed the administrative record as it was prepared and presented to us. Presumably, the transcription company is competent, and we will not volunteer to verify the correspondence between the tape recordings and the written product. You are, of course, privileged to present to the court any issues you perceive in that regard, and we will respond appropriately.

Thank you.

*Amy Caspari*

Exhibit 3

## Douglas Tyrka

**From:** "Douglas Tyrka" <tyrka@tyrkalaw.com>
**To:** "Caspari, Amy (OAG)" <Amy.Caspari@dc.gov>
**Sent:** Monday, May 21, 2007 6:36 PM
**Subject:** Re: Hawkins/▇▇▇▇ transcript

I guess I will have to, if you're going to take that approach. Please tell me if either of these statements is incorrect:
1) You refuse to review the transcript to make your own determination of whether it is flawed enough such that it needs to be redone.
2) You do not consent to a motion from me for the transcript to be redone.

This electronic message transmission contains information from the law office of Douglas Tyrka which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com) immediately.

**Exhibit 4**

## Douglas Tyrka

**From:** "Douglas Tyrka" <tyrka@tyrkalaw.com>
**To:** "Caspari, Amy (OAG)" <Amy.Caspari@dc.gov>
**Sent:** Thursday, June 21, 2007 3:22 PM
**Subject:** Hawkins - more transcript issues

On page 8 of your SJ, you quote me saying something about Turner being in a tough spot. The transcript does in fact attribute that to me, but it was actually Gupta who said it, as you might imagine, and as it pretty clear from context. If you don't have a copy of the audio, I can arrange to get to you one.

Please let me know in the next day if you plan to change anything on your own or, if not, if you consent to a motion from me to amend the transcript. Absent your consent, I will move to amend, with a copy of the audio cd.

---

This electronic message transmission contains information from the law office of Douglas Tyrka which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com) immediately.

Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KISHA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-278 |
| v. ) | JDB |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

### ORDER

On consideration of the Plaintiff's Motion to Correct the Administrative Record, and as statements in the transcript of the October 30, 2006 hearing, located at page 73, lines 5-7 and 9-10 of the administrative record, have been improperly attributed, it is, this _____ day of July, 2007,

ORDERED, that the Plaintiff's Motion is granted, and further

ORDERED, that the statements at page 73, lines 5-7 and 9-10 of the administrative record are found to have been made by counsel for District of Columbia Public Schools.

_____
John D. Bates
United States District Judge

1