IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KISHA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-278 |
| v. ) | JDB |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.   THE DEFENDANT HAS NOT SHOWN ANY DISPUTE OF MATERIAL FACT**

The Defendant's Opposition does not contain a "statement of material facts in dispute" in compliance with LCvR 56.1. Accordingly, the Court should treat the facts stated by the Plaintiff as undisputed, as authorized by LCvR 56.1.

Regarding summary judgment motions, Local Civil Rule 56.1 states:

> "An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."

LCvR 56.1. Federal Rule of Civil Procedure 56(e), states that, when opposing a motion for summary judgment:

> "…an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response…must set forth specific facts showing there is a genuine issue for trial."

Fed. R. Civ. P. 56(e).

The Defendant's Opposition contains a "Statement of Material Facts in Dispute," but it is wholly inadequate. It consists of five numbered clauses, phrased in the affirmative, which the Defendant apparently disputes. It contains no citation to the record; instead, each clause is followed by a citation to the Plaintiff's Statement of Material Facts Not In Dispute. While that implies that the Plaintiff's Statement contains statements corresponding to the clauses, in most cases the language does not exactly match. Compare, e.g., Plaintiff's Statement # 21 ("DCPS did not perform any evaluations of D.C. after the resolution meeting.") with Defendant's Statement #4 ("That DCPS chose not to perform any evaluations of D.C. after the resolution meeting.").

The Defendant's Statement does not address any of the Plaintiff's Statement other than five cited statements, so the remainder is apparently undisputed. Regarding the five cited statements, in all but one case, the Defendant's clause differs materially from the cited statement, so the originally phrased statement is apparently undisputed. In the one other case, the Defendant's Statement #2, referring to the Plaintiff's Statement #17, the Defendant offered no support in the record for disputing "[t]hat DCPS never supplemented its Response or issued any other response to the due process complaint." Accordingly, it should be deemed undisputed.

In Green v. District of Columbia, a decision cited by the Defendant in its Opposition, the court stated:

> "In determining the undisputed facts that exist in a case for the purposes of reviewing a motion for summary judgment this Court strictly adheres to the text of Local Civil Rule 56.1. As such, in resolving the present summary judgment motion, this Court assumes that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

2006 U.S. Dist. LEXIS 25288 *3 n.1 (internal quotation omitted).

2

Because the Defendant's Opposition fails to set forth any specific facts showing a genuine issue for trial or controverting any of the Plaintiff's statements of fact, the Court should deem admitted the the Plaintiff's facts as stated in her Statement of Material Facts Not in Dispute.

## II.     THE HEARING OFFICER'S ERRORS WERE SUBSTANTIVE

The Defendant relies on Green, 2006 U.S. Dist. LEXIS 25288, for its contention that no relief is warranted for the Hearing Officer's failure to rule on the claims presented in the Plaintiff's due process complaint. (Def.'s Opp. 2.) That case is inapposite because in the case at bar the Hearing Officer's failure to rule on the claims in complaint directly resulted in the denial of the Plaintiff's requested relief.

In Green, the plaintiff had complained of a hearing officer's failure to make a finding in a Hearing Officer's Determination ("HOD"). However, in the HOD the hearing officer had granted the plaintiff the bulk of her requested relief, including a private special education placement, and the remainder of the issues had been resolved at a meeting subsequent to that HOD. 2006 U.S. Dist. LEXIS 25288. Nonetheless, the plaintiff brought suit, requesting as relief only a finding of error, which the Court deemed "emblematic of a classic request for an advisory opinion[.]" 2006 U.S. Dist. LEXIS 25288 *31.

The case at bar differs in every relevant way. The Hearing Officer did not grant the Plaintiff most of her relief; he denied it all. Ms. Hawkins does not seek an advisory opinion; she asks that DCPS be ordered to take appropriate steps to allow her child to be evaluated and his disability determined. (Compl. 5-6.)

In <u>Green</u>, the court declined to issue a ruling that would have had no practical effect on the parties. DCPS' failure timely to evaluate D.C. has a clear practical effect on D.C., as would the Plaintiff's requested relief.

## III.  INDEPENDENT EVALUATIONS ARE WARRANTED

While it now appears that DCPS did perform some evaluations of D.C. over the years, because DCPS never convened the meeting ordered by multiple HODs or otherwise met to review D.C.'s evaluations, the Record is absent any determination of their appropriateness.

All of the evaluations provided by DCPS following the hearing predate the July 6, 2006 HOD ordering a meeting to determine necessary evaluations. That HOD was a "settlement on the record," with no findings of fact. While it is possible that these evaluations were not made available to the Hearing Officer who made the July 6, 2006 Determination, it is equally possible that those evaluations had been deemed inadequate and their replacement warranted.

The question of the appropriateness of the existing evaluations is more than theoretical. As of the filing of this Reply, D.C.'s most recent evaluation is the July 20, 2005 psychological evaluation disclosed by DCPS after the October 30, 2006 hearing, which had been conducted when D.C. was three years old. D.C. is now five. As one might expect, the measures used to evaluate a five-year-old differ substantially from those used to evaluate D.C. when he was three. <u>Compare</u> Exhibit 1; (R. at 9.)

The nature of the existing evaluations aside, the Defendant argues that "further evaluations have not been possible because the student cannot be located." Opposition at 3. That claim, unsupported by a statement of facts in dispute, contradicts the record.

4

The Record contains no evidence of any attempt to "locate" D.C. to perform evaluations. Moreover, those bald assertions fall far short of the prior HOD's requirement "affidavits and proofs of service for any delay or delays [in scheduling] caused by Petitioner or Petitioner's representatives." (R. at 49.)

The idea that D.C. could not be "located" is silly. D.C. currently resides, as he has since at least September of 2005, with his mother at 3062 Stanton Road SE #103, Washington DC, 20020. (See R. at 2, 30, 41, 46, 51, 66; Compl. 1.) Every other document aside, DCPS' own data report, recently offered as an exhibit to the Opposition, lists that address, along with a telephone number. Opposition, Exhibit A at 4.

The Defendant apparently contends that D.C. cannot be "located" because he is not at a DCPS school. That contention makes no sense, but its premise is false regardless. D.C. is registered as a non-attending student. See Exhibit 2. The Defendant's "evidence" to the contrary is incredible for multiple reasons.

The exhibit was not disclosed at the administrative level, contrary to 34 C.F.R. § 300.512(a)(3) (each party to a hearing may "[p]rohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least five business days before the hearing[.]"). There is nothing in the record authenticating the exhibit. There is a footnote in the Opposition allegedly explaining the exhibit, but nowhere is there any authentication or authoritative explanation of the exhibit, which was allegedly produced from a database ("Encore") to which the Plaintiff has no access.

General authentication and verification issues aside, that database system has been all but condemned by the independent monitors of the Blackman-Jones IDEA class action against the District of Columbia. See Blackman v. District of Columbia, Civil Action No. 97-1629 (PLF) (D.D.C. 1997), Report and Recommendations of Evaluation

5

Team as Filed by Monitor, February 8, 2007, at 4-21 ("Most [case analyses] require tracking down the student at a school that differs from the one listed as the attending school in Encore....Encore does not meet standard system requirements of...data quality control[.]...Information received from Encore is a moving target[.]...There are several hundred 'lost students'...No one is really sure where they are at any one time.").

Finally, the exhibit appears deeply flawed and/or irrelevant on its face, for at least three reasons. On the first two pages, it identifies D.C. as "Pre-Kindergarten, Age 2," though he turned three in 2004, and is now five. The third page reviews his "attendance" for the 2006-2007 school year at Head Start, a program for which he is unquestionably too old. The fourth and last page is partially illegible and completely incomprehensible. There is no evidence reliably contradicting the Plaintiff's sworn statement that D.C. is registered.

## CONCLUSION

Because the Defendant has failed to show any dispute of material fact, the Hearing Officer's errors were substantive, and the Plaintiff's requested relief is currently warranted and would be effectual, the Court should grant the Plaintiff summary judgment and award her the relief requested.

Respectfully submitted,

/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

07/09/2007 16:36  2027229293              YAWPCS              PAGE 01/01
07/09/2007 16:25  2022654264        TYRKA & ASSOCIATES        PAGE 02/02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KISHA HAWKINS,

    Plaintiff,

v.

DISTRICT OF COLUMBIA

    Defendant.

Civil Action No. 07-278
JDB

### VERIFIED STATEMENT OF DR. KEISHA MACK

1. I am currently licensed in the District of Columbia and Maryland as a clinical psychologist.

2. I currently work as an independent contractor for Maria Zimmitti & Associates performing psychoeducational, clinical, and functional neuropsychological evaluations.

3. I have been performing psychoeducational and clinical evaluations for the last eleven years, and functional neuropsychological evaluations for the last six.

4. Currently, as a standard testing battery for a psychoeducational evaluation of a five-year-old child, we perform the Beery-Buktinica Developmental Test of Visual Motor Integration, 5th Edition; selected tests from the Comprehensive Test of Phonological Processing; selected tests from Nepsy - A Developmental Neuropsychological Assessment; the Wechsler Preschool and Primary Scales of Intelligence 3rd Edition; the Woodcock-Johnson III Test of Achievement; a parent interview; a teacher interview if possible; and a review of records.

Date: 7/9/07

/Dr. Keisha Mack, Ph.D
Clinical Psychologist

Exhibit 2–

## VERIFIED STATEMENT OF KISHA HAWKINS

1. I am over 18 years of age and competent to testify regarding the matters described herein.

2. I am the mother of D▇▇ C▇▇, a five-year-old student in the District of Columbia Public Schools system ("DCPS").

3. I did not withdraw D▇▇ from the Center for Mental Health Head Start in June of 2005.

4. D▇▇ completed the pre-kindergarten program at the Center for Mental Health Head Start in June of 2005.

5. D▇▇ is currently enrolled as a non-attending student at Turner Elementary School.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 7-6-07

*Kisha Hawkins*
Kisha Hawkins

Exhibit 4