UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                                    :
Kisha Hawkins,                                      :
on behalf of her minor child, D.C.,                 :
                                                    :
                                                    :
              Plaintiff,                            :
                                                    :
              v.                                    :   Civil Action No. 07-00278 (JDB)
                                                    :
                                                    :
District of Columbia,                               :
                                                    :
              Defendant.                            :
—————————————————————:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In its June 20, 2007, Motion for Summary Judgment ("Motion"), Defendant

argued that the November 7, 2006, hearing officer's decision denying Plaintiff's request

for independent evaluations and an MDT meeting should be affirmed, and that Plaintiffs

claims should be dismissed. In her Opposition to Defendant's Motion ("Opposition"),

Plaintiff argues that the hearing officer erred in considering the Defendant's defenses at

hearing because they were either (1) waived, (2) not supported by the record, or (3)

irrelevant. Opposition, pp. 1-6.

1. **THE DEFENDANT DID NOT WAIVE ITS DEFENSES.**

In her first argument, Plaintiff seems to contend that at hearing DCPS waived its

defense that it could not locate D.C. to convene an MDT meeting because it did not recite

such a defense in its response to the administrative due process complaint. Opposition

pp. 1-3. Plaintiff contends "DCPS declined to raise these defenses in its formal Response

[. . .] and failed to present any evidence suggesting these defenses in its mandated

disclosures" and, thereby, "waived these defenses."  Opposition p. 3.  Plaintiff goes so far as to accuse the Defendant of "sandbagging" the Plaintiff at the hearing. [1] Id.

Plaintiff does not offer any legal authority, standard, or test, to demonstrate that a waiver occurred, which is grounds for dismissal of his own argument.  The failure to develop an argument constitutes a waiver.  Blise v. Antaramian, 409 F.3d 861, 866 n.3 (7th Cir. 2005), citing Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 964 n. 1 (7th Cir.2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments that are un-supported by pertinent authority, are waived (even where those arguments raise constitutional issues).") (quoting United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991)).

Defendant assumes Plaintiff is referring to Fed. R. Civ. P. 8(C), which states that a party must allege an affirmative defense in its answer or the Court can deem that defense waived if raised later in the case.  However, DCPS did state in its response that it "has attempted to comply with the HOD in scheduling an MDT meeting.  DCPS continues its efforts in scheduling a meeting."  R. p. 55.

The Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA") itself does note that that a response to a complaint shall include: "(1) an explanation of why the agency proposed or refused to take the action raised in the complaint. . . ."  20 U.S.C. §1415 (c)(2)(B)(i).  However, the Hearing Officer has the discretion to determine what evidence should be allowed at the hearing, where the Federal Rules of Evidence are relaxed, in the interest of justice.  Defendant submits that such discretion was appropriate here because the hearing officer thoughtfully

---

[1] There is no dispute by the parties that D.C. was not registered at Turner Elementary School at the time of the hearing on October 30, 2007.  Plaintiff's Statement of Facts in Dispute p. 2 para 5.

explains the burden of ordering an MDT on a student that cannot be located--stating that

he can't have people make decisions about a student who do not know the student.  R. p.

88 lines 10-12.  "If he is not there [Turner], then I can't get a proper MDT team."  R. p. 88

line 10.

      Therefore, since at the time of the October 30, 2006 hearing, neither Plaintiff nor

Defendant could identify any school where D.C. was registered or attending, so that

DCPS could conduct a proper MDT meeting, and the only evidence available to the

Hearing Officer regarding the location of the student was a letter from Principal Parker of

Turner Elementary School, indicating that D.C. was not registered at her school as an

attending or non-attending student, the hearing officer did have discretion to consider the

Defendant's evidence.  R at 4.  "Counsel for the student has not met his burden of proof

that the student is attending Turner Elementary School so that DCPS can convene an

MDT meeting at Turner."  Id.  Plaintiff could have brought forth evidence refuting the

Defendant's claim (there were no witnesses present for Plaintiff).[2]

      In the November 7, 2006, HOD, the hearing officer also determined that Plaintiff

failed to meet its burden of proving: that DCPS denied a FAPE by failing to complete

evaluations of D.C. R. p. 4.  At hearing, DCPS presented evidence that a Psychological

Evaluation Report, a Psychiatric Evaluation and a Speech and Language evaluation were

already conducted. R. 76-77.  These evaluations are included in the administrative record.

R. p. 9-27.  Thus, the hearing officer concluded that since evaluations had already been

---

[2] Plaintiff also argues that the resolution meeting notes did not contain the Defendant's defense.  However, the Resolution meeting notes here are not helpful because they are more analogous to an outline than any explanation of the resolution meeting because they do not purport to conclude anything.  More importantly, the IDEIA 20 USC 1415 (f)(B)(iii) requires that for a resolution to be reached the parties shall execute a legally binding agreement that is --**(I)** signed by both the parent and a representative of the agency who has the authority to bind such agency. . . . Further, since the matter at Resolution was not resolved, the notes from that meeting are not helpful because they are not a resolution agreement.

performed, and because Plaintiff was unable to answer any questions as to the dates and types of evaluations that were performed on his client, it was not necessary for them to be performed again. R. p. 91, line 4-6 and R. p. 4.

In her Opposition, Plaintiff alleges that the evaluations were entered erroneously at hearing since DCPS did not conform to IDEIA 20 U.S.C. §§ 1415 (f)(2)(A)(requiring the parties to submit their documentary evidence at least 5 days before the hearing). However, Section 1415(f)(2)(B) also states that where there is a failure to disclose, "A hearing officer *may* bar any party that fails to comply with subparagraph (A) . . . ." (emphasis added). Clearly, there is no stringent rule that a hearing officer does not have discretion to consider the evaluations.

The hearing officer also concluded that since evaluations of D.C. had already been performed, and because Plaintiff was unable to answer any questions as to the dates and types of evaluations that were performed on his client, that it was not required that they be performed again. R. p. 91, line 4-6 and R. p. 4.[3] The hearing officer discussed, for example that certain evaluations, like a psycho-educational exam, should not be performed more than once a year and he could not order this exam if one already existed. R. p. 83, line 2-3. Thus, the hearing officer denied Plaintiff's request for independent evaluations. R. p. 4.

Both the letter from the Principal at Turner, and the evaluations submitted by the Defendant, are documents absolutely germane to the issues in this case, and the hearing officer's decision to accept these documents into the record was grounded in the concept of fundamental fairness.

---

[3] Plaintiff listed the last attending school of Plaintiff on the hearing complaint. This school performed those evaluations and Plaintiff's Counsel has never shown that those records were not available to him.

## 2. **DEFENDANT'S STATEMENTS AT HEARING ARE ALLOWED FOR THEIR PROBATIVE VALUE.**

Plaintiff alleges that the hearing officer's reliance on Counsel's statements at hearing is erroneous because Counsel's statements are not evidence. Opposition p. 4. In support of his argument that "counsel statements have no probative value," Plaintiff references decisions from <u>Benn v. Unisys Corp.</u> 176 F.R.D. 2 (D.D.C. 1997) and <u>Magruder v. Schley</u> 18App. D.C. 288 (D.C. App. 1901).

In the former decision, the court was unsatisfied by the exclusive submission of an *affidavit* of Plaintiff's counsel as evidence in support of "specific facts" because counsel had no personal knowledge of theses facts and counsel's testimony "as to the events he affirms in his affidavit…would [be] inadmissible hearsay." There is a striking difference in issues as between this case and the <u>Benn</u> decision. The decision of <u>Benn</u> is in regard to a submitted affidavit, and subsequent testimony concerning that affidavit, by the Plaintiff's counsel. Such a formal submission of a document is clearly intended as evidence in support of matters of fact.

In this case, since Plaintiff presented no evidence to support her claim that DCPS violated the IDEIA, because she could not show that D.C. was in fact attending Turner Elementary School, her son's home school, the hearing officer made some reasonable inquiries of the parties. Thus, the statements made by DCPS Counsel at the administrative hearing were answers to the hearing officer's inquiries.[4] A spontaneous statement made in response to an instant court inquiry is not equivalent to a prepared, submitted document. (<u>Magrudar</u> is used by Plaintiff in the same manner to dispute a

---

[4] The Plaintiff bore the burden of proof on the issue. <u>Schaffer v. Weast</u>, 546 U.S. 49 (2005); 5 DCMR 30 § 3030.3.

matter of fact and can be discarded for the same reasons as discussed for <u>Benn</u>.)
Opposition p. 4.  Therefore, Plaintiff's argument as to Defendant's statements having no
probative value should fail because the cited cases are not in reference to statements
made during an instant court inquiry.

Furthermore, if this Court were to agree that counsel statements are non-probative
and therefore cannot be referenced in these motions, then that principal would also bar
statements made by Plaintiff's counsel.  The result would be that the only evidence in this
case is the documents contained in the administrative record and these documents would
still have shown D.C. could not be located and that evaluations had, in fact, been
completed.

Thus, if all statements by counsel are disallowed, although normally tolerated
under the relaxed evidentiary rules of IDEIA hearings, then the remaining evidence
clearly shows that DCPS has demonstrated that evaluations were provided and the
location of D.C. was unknown to DCPS at the time of the hearing anyway.

**3.  <u>DEFENDANT'S DEFENSES ARE RELEVANT.</u>**

In her Opposition, Plaintiff alleges that DCPS defenses are irrelevant because any
attempt to schedule a meeting was not properly raised through counsel as instructed in the
HOD. Opposition p. 5.  However, as explained by DCPS at hearing, if there is no known
school, and no records, then who is supposed to schedule the meeting?  R.p. 22 L.13-16.
Thus, even if an HOD requires a meeting to be set through counsel, DCPS must be able
to prepare for such a meeting.  Plaintiff seems to be arguing that even if DCPS could not
locate D.C., it should have set up a mock meeting in an arbitrary place, without the
necessary information.

4. **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS TO THE SUBSEQUENT EVENTS INTRODUCED IN HER OPPOSITION.**

Attached to her Opposition, Plaintiff submits two documents: a verified statement of D.C.'s mother, which suggests that after the hearing D.C. registered as a non-attending student at Turner Elementary, and a verified statement of Dr. Mack, which opines that given D.C.'s age at this time (5 years old), she would recommend additional evaluations. The first document, dated July 6, 2007, is attached without any reference to it in the Opposition and without any explanation or discussion.[5] The second document, dated July 9, 2007, is mentioned to support a statement by the Plaintiff regarding the proper evaluation procedures for a five year old. Opposition p. 6.

Neither of these documents was made available to the hearing officer by the Plaintiff at the time of the hearing, or anytime immediately thereafter and contain events that occurred after the hearing. Since the hearing officer could not have taken this subsequent information into account, these events are subsequent events that cannot be a basis for invalidating the HOD. Moreover, if these new matters are believed to warrant some different treatment of the student, Plaintiff has not exhausted her administrative remedies, since these matters which should properly be brought in a new administrative case in the first instance.

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction, pursuant to Fed. R.

---

[5] In this document, Ms. Hawkins states that D.C. is "currently" enrolled as a non-attending student at Turner Elementary School. Defendant believes Ms. Hawkins registered her son after the hearing on October 30, 2007. See Exhibit A, DCPS attached enrollment form p. 1. (Signed and dated by Keisha Hawkins on October 31, 2007.) Thus, the hearing officer came to the proper conclusion anyway—that D.C. was not registered at Turner at or before the hearing.

Civ. P. 12(b)(1). <u>See</u> <u>Moss v. Smith</u>, 794 F. Supp. 11 (D.D.C. 1992). The <u>Moss</u> Court found that the plaintiff was required to exhaust her administrative remedies under the IDEA prior to filing suit because the administrative remedies available were neither futile nor inadequate. <u>See</u> <u>id</u>.; <u>see also</u> <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction").

Therefore, since these documents are not explained by the Plaintiff but simply thrown into the Opposition, and purport to represent events that occurred in or around July 6, 2007 and July 9, 2007, the hearing officer did not have the opportunity to address these in his decision and Plaintiff has not exhausted her administrative remedies as to these events.

## CONCLUSION

Plaintiff has not shown that the hearing officer violated the IDEIA by allowing Defendant's proffered evidence where Plaintiff did not meet her own evidentiary burden. As shown, the record fully supports the findings that as to D.C., the proper evaluations were conducted and that any attempt by DCPS to conduct an MDT meeting was impossible. Therefore, Defendant's Motion for Summary Judgment should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
July 20, 2007          amy.caspari@dc.gov

9



*Non Attending*

*Port Jim. Cur.*

District of Columbia Public Schools
## ANNUAL STUDENT ENROLLMENT FORM
### School Year 2006-07

SCHOOL NAME: Turner E.S.
STUDENT ID # 922 8123

**STUDENT INFORMATION**                    (Print all information)

| | | |
|---|---|---|
| **1. Student's Full Legal Name** (Last, First, Middle)  ~~Deloris~~ Chandler Delonte' Malik | **2. Date of Birth** (Month, Day, Year)  9-16-06 | **3. Country of Birth** Wash, DC |
| **4. Address** Apt. No.  3062 Stanton Rd. #103 | **5. Telephone Number** ( 2 ) 276-1049- | **6. Sex** (Circle)  (Male)  Female |
| **7. City** Washington  **State** DC  **Zip** 20020 | **8. Current Grade** (Specify) | **9. Social Security Number** 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 |

**10. School Last Attended** (if DCPS, name school only)
Center for Mental Health
Address
2041 Martin Luther King
City Washington  State DC  Zip

**11. Ethnic Designation**                    * Not of Hispanic origin
  American Indian or
  Alaskan Native            ☑ Black *
                            ☐ White *
  Asian or Pacific Islander  ☐ Hispanic
**12. Language other than English spoken at home** none

**13. School Attending** (if not DCPS)
Address
City  State  Zip

**14. Health Insurance Information**
  Provider: _____  Medicaid _____
  Policy #: _____

Medicaid HMO: _____
  ☐ Advantage
  ☐ Amerigroup
  ☐ Chartered
  ☑ Health Services Children with Special Needs

**15. Special Services Child Receives**
  ☐ Special Reading Help
  ☐ Bilingual or ESL Program
  ☐ Summer School
  ☐ Student Receives Special Education Services:  Yes ___ No ___
  ☑ Student Has Current IEP:  Yes ✓ No ___
  ☐ Advanced Placement

**PARENT/LEGAL GUARDIAN INFORMATION** (One must be the parent or legal guardian with whom student lives*)

| **16. Mother or Legal Guardian** (Relationship) Mother | **17. Father or Legal Guardian** (Relationship) |
|---|---|
| (Last, First, Middle) Hawkins Kisha Lynette | (Last, First, Middle) |
| Address (if other than student's)  Apt. No. # 3062 Stanton Rd. S.E.  103 | Address (if other than student's)  Apt. No. |
| City Washington  State DC  Zip | City  State  Zip |
| Employer at home mom  Telephone Number (202) 276-1049 | Employer  Telephone Number ( ) |
| Employer's Address | Employer Address |

**18. RESIDENCY STATUS:**  ☑ D.C. Resident (Student & parent or legal guardian live in D.C.)
  ☐ Nonresident (Student/or parent live outside D.C.)  ☐ Receipt of payment for nonresident tuition attached

**19.** Is your current address a temporary living arrangement?  Yes ___  No ✓

**20.** Is this temporary living situation due to loss of housing or economic hardship?  Yes ___  No ✓

**EMERGENCY**

**21. Emergency Contact Person:** (other than parent) Ruby Hawkins
  Address: 3226 4th St. SE. Wash, DC
  Relationship: Grandmother  Telephone Number: ( 2 ) 563-1331

I completed this form and I certify that the information above is accurate. I understand that providing false information for purposes of defrauding the government is punishable by law.

*Kisha Hawkins*                    Date Oct 31, 2006
* **Signature of Parent/Legal Guardian with Whom Student Lives or Adult Student**

Revised 5/22/06